**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| GERALD WILKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 3:21-CV-00075 |
| ROBERT WILKIE, SECRETARY ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## *CORRECT COMPLAINT*

### *Introduction*

1. This is a complaint for damages, declaratory and injunctive relief authorized and instituted pursuant to 38 U.S.C. 7401 and the 14th Amendment of the United States Constitution.

2. This lawsuit is brought to prevent Defendant, ROBERT WILKIE, SECRETARY DEPARTMENT OF VETERANS AFFAIRS, pursuant to Due Process clause of the 14th Amendment of the United States Constitution.

### *Jury Demand*

3. A jury is hereby demanded.

### *Jurisdiction and Venue*

4. This action is brought for a declaratory judgment, injunctive relief and compensatory damages, pursuant to Substantive Due Process.

5. Venue is proper in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. Section 1391(b) as El Paso County, Texas is the county where the Defendant operates the ROBERT WILKIE, SECRETARY DEPARTMENT OF VETERANS AFFAIRS, Plaintiff's employer. Further, all actions complained of herein occurred within the El Paso County, Texas.

*Parties*

6.     **GERALD WILKS** is a male citizen of the United States and a resident of the City of El Paso, El Paso County, Texas.

7.     Plaintiff was employed by the Defendant, **ROBERT WILKIE, SECRETARY DEPARTMENT OF VETERANS AFFAIRS**.  The Defendant maintains and administers records relevant to its employment practices.  Service of process may be made upon the United States Attorney for the Western District of Texas, and the United States Attorney General, Department of Justice, by registered or certified mail, pursuant to the Federal Rules of Civil Procedure (Rules 4(I)(1)(A), (B) & (C)).

8.     Defendant is an employer within the meaning of 38 U.S.C. 7401.

*Exhaustion of Remedies*

9.     Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, under Substantive Due Process procedure.

10.    All conditions precedent to the filing of the lawsuit has been met.

*Factual Allegations*

11.    Dr. Wilks was employed by the Agency for a over 10 years with no disciplinary concerns with the duties.

12.    Dr. Wilks was terminated from his duties because Chief of Surgery Dr. Farris did not agree with how Dr. Wilks preformed his duties even though Dr. Wilks had performed the same duties for 10 years without any concerns.

13.    Dr. Wilks was sent a removal and renovation of privileges letter from the Agency dated August 21, 2020 and was denied the due process before the Board on October 30, 2020.

14. Dr. Wilks relied on Appendix A – Section C of the Appeals to the Disciplinary Appeals Board which states an appeal must be received 30 days after the date of written decision to the employee.

15. Dr. Wilks requested a hearing before the Board on his termination.

16. Dr. Wilks filed an appeal on or about September 17, 2020. Dr. Wilks filed his appeal pursuant to Part V. Title 38 appeal to the Disciplinary Appeals Board.

17. Part V. Title 38, of the VA Handbook states an employee can initiate an appeal up to 30 days from a written decision. Dr. Wilks filed a timely appeal.

18. The agency denied his request for hearing and appeal. An employee has an opportunity before their termination to defend himself or herself in front of a board created by the employer.

19. Dr. Wilks was denied due process to pursue his appeal before the Disciplinary Appeals Board.

## COUNT I.
## VIOLATION OF SUBSTANTIVE DUE PROCESS

20. The Plaintiff realleges paragraphs 1 – ___ as if fully set forth herein.

21. In order to make out a Procedural Due Process claim in the context of a wrongful discharge compliant, a former public employee must allege with particularity: (1) the state or federal law or understanding giving rise to the property interest; (ii) the particular process that Plaintiff was entitled to and failed to receive; and (iii) that the Defendant's failure to provide these particular process violated "clearly established constitutional law: at the time of the alleged infraction.

22. The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process. *Cf. Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100 (1990). A violation

of either of these kinds of protection may form the basis for a suit under section 1983. *Id.*

23. The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937). [ ] The Supreme Court has deemed that most--but not all--of the rights enumerated in the Bill of Rights are fundamental; certain unenumerated rights (for instance, the penumbral right of privacy, s*ee Planned Parenthood v. Casey*, 505 U.S. 833, ----, 112 S. Ct. 2791, 2807, 120 L. Ed. 2d 674 (1992)) also merit protection.

24. It is in this framework that fundamental rights are incorporated against the states. [ ] A finding that a right merits substantive due process protection means that the right is protected "against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, ----, 112 S. Ct. 1061, 1068, 117 L. Ed. 2d 261 (1992) (*quoting Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986)).

25. By reason of the Defendant's actions, the Plaintiff found it necessary to retain the services of an attorney in these proceedings and heretofore and is therefore entitled to attorney's fees.

WHEREFORE, Plaintiff respectfully requests:

a. A declaratory judgment, declaring Defendant's acts, through the acts of its agents, employees and successors, herein complained of to be in violation of Due Process clause of the 14th Amendment of the United States Constitution;

b. Compensatory damages against the Defendant for violation of Plaintiff's rights;

c. Attorney's fees, court costs, prejudgment and post judgment interest as provided by law including Substantive Due Process; and

    d.    Such other and further relief to which Plaintiff may be entitled.

        Respectfully submitted,

### *The Law Office of Enrique Lopez*

701 N. St. Vrain Street  
El Paso, Texas 79902  
Telephone: (915) 351-0595  
Facsimile: (915) 534-7207  

By: /s/Enrique Lopez  
    ENRIQUE LOPEZ  
    State Bar No.: 12563530  

Attorney for Plaintiff